# United States District Court

## Eastern District of Missouri

UNITED STATES OF AMERICA

v.

DWAUN BROWN

*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: 4:05 CR 230

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______________________________*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in ______________________
- ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The Report of the Pretrial Services Office is incorporated by reference as if fully set out herein.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by

☒ a preponderance of the evidence that ☒ clear and convincing evidence that

the potential penalty, if convicted, may serve as an incentive to flee. Defendant has a history of failure to appear. His substance abuse (use of heroin daily for the last 10 months) may impair his ability to remain abreast of court appearances. The nature of the instant alleged offense in which defendant is charged with conspiracy to distribute and possess with the intent to distribute in excess of 1 kilogram of heroin poses a risk to the community. He has been unsuccessful of previous terms of supervision: probation was revoked once and parole revoked twice. He has a pending DUI in Illinois. It is alleged that at the time of his arrest on 6/27/05 defendant was in possession of a firearm and controlled substances. Defendant states that the gun found at the time of his arrest belonged to his wife. He does

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 27, 2005

/s/Mary Ann L. Medler

*Signature of Judicial Officer*

Mary Ann L. Medler United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

DEFENDANT: DWAUN BROWN

CASE NUMBER: 4:05 CR 230

## Continued

not challenge his possession of controlled substances. Defendant challenges some of the items contained in the Criminal History Section of the Pretrial services Report which are noted: He has convictions for Possession of Marijuana under 2 ounces; Delivery of Marijuana; Unauthorized Use of a Vehicle; Delivery of a Controlled Substance; Unlawful Possession of a Controlled Substance; Attempted Murder First Degree ( defendant says this charge was dismissed and he pled Guilty to Armed Robbery); Aggravated Battery with a Firearm ) defendant says this charge was reduced and he pled guilty to Battery; Armed Robbery with a Firearm and Obstruction of Justice/destruction of Evidence (defendant notes he was sentenced to time served) Unlawful Possession of Cannabis (defendant notes that at least it was marijuana not heroin). He has a pending DUI in Illinois. He has at least 35 traffic related arrests and numerous warrants for Failure to Appear. Defendant was on state parole supervision for the offense of Unlawful Possession of Cannabis when the instant offense occurred. there are no conditions or combinations of conditions that will assure the safety of the community and his appearance as required.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com